UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, and ) <br> THE STATE OF CALIFORNIA, ) <br> *ex rel.* KIMBERLY HERMAN, AMY LESTAGE ) <br> and KEVIN ROSEFF, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COLOPLAST A/S, COLOPLAST CORP., ) <br> HOLLISTER, INC., 180 MEDICAL INC., ) <br> A-MED HEALTH CARE CENTER, BYRAM ) <br> HEALTHCARE CENTERS, INC., CCS ) <br> MEDICAL, INC., LIBERATOR MEDICAL ) <br> SUPPLY, INC., RGH ENTERPRISES, INC. ) <br> d/b/a EDGEPARK MEDICAL SUPPLIES, AND ) <br> SHIELD CALIFORNIA HEALTH CARE ) <br> CENTER, INC., ) <br> ) <br>     Defendants. ) | Civil Action No. 11-12131-RWZ |

**NOTICE OF THE UNITED STATES AND THE STATE OF CALIFORNIA OF THEIR OPPOSITION TO DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR**

Pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730(e)(4)(A), the United States opposes dismissal of the relators' claims against Shield California Health Care Center, Inc. ("Shield"), and A-Med Healthcare Centers, Inc. ("A-Med"), in the Second Amended Complaint based on the public disclosure bar.  The Attorney General of the State of California, through its undersigned counsel, similarly notifies the Court that, pursuant to California Government Code § 12652(d)(3), she objects to any dismissal of the claims against Shield and A-Med under the public disclosure bar of the California False Claims Act ("California FCA").

    A.    <u>The United States' Objection</u>

Defendants' motion to dismiss should be denied insofar as it relies on the FCA public disclosure bar because the United States objects.  The public disclosure provision in the FCA

provides that "[t]he court shall dismiss an action or claim under this section, *unless opposed by the Government*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . ." 31 U.S.C. § 3730(e)(4)(A) (emphasis added).[1] To oppose, the government need not show "good cause" or meet any other standard. The provision is consistent with 31 U.S.C. § 3730(b)(4)(A), which permits the government to intervene in a *qui tam* action without cause prior to the intervention deadline, and with 31 U.S.C. § 3730(c)(2)(A), which permits the government to dismiss a *qui tam* action without cause. *See Swift v. United States*, 318 F.3d 250, 253 (D.C. Cir. 2003) ("Nothing in § 3730(c)(2)(A) purports to deprive the Executive Branch of its historical prerogative to decide which cases should go forward in the name of the United States.").

The purpose of the public disclosure bar is to protect the United States from parasitic relators who would seek to share in a recovery under the FCA without providing useful information to the government in return. *See generally United States ex rel. S. Prawer and Co. v. Fleet Bank of Maine*, 24 F.3d 320, 324-28 (1st Cir. 1994). The discretion that Congress granted to the government in § 3730(e)(4)(A) fulfills the public disclosure bar's purpose by providing a mechanism for the United States to inform the court that it does not view a particular *qui tam* action as parasitic and that the action should not be barred solely on the basis of a prior public disclosure of a similar issue. *See, e.g., United States ex rel. Berntsen v. Prime Healthcare*

---

[1] The current version of the public disclosure bar came into effect on March 23, 2010. Both the First Circuit and this Court have applied the version of Section 3730(e)(4) in effect at the time of the filing of the *qui tam* complaint. *See United States ex rel. Cunningham v. Millennium Labs. of California, Inc.*, 713 F.3d 662, 670 n.5 (1st Cir. 2013); *United States ex rel. Booker v. Pfizer, Inc.*, 9 F. Supp. 3d 34, 44 n.3 (D. Mass. 2014). Here, since the relators filed their original *qui tam* complaint on December 2, 2011, and the Amended Complaint which included the claims at issue here on November 20, 2014, the current version of the public disclosure bar applies.

*Services, Inc.*, No. 11-cv-8214, slip op. at 6 (C.D. Cal. Nov. 20, 2014) (denying motion to dismiss based on public disclosure and noting that, "where the Government indicates that it supports the relator's action, it would be illogical for the Court to conclude that the relator's action was parasitic"); *United States ex rel. Baker v. Community Health Systems, Inc.*, 2014 WL 10212574, at *25 (D.N.M. Oct. 7, 2014); *United States ex rel. Szymoniak v. American Home Mortgage Servicing, Inc.*, 2014 WL 1910845, at *2 (D.S.C. May 12, 2014).  Here, the government believes that the relators should be allowed to litigate in the name of the United States regardless of any purported prior public disclosure and accordingly objects to dismissal pursuant to 31 U.S.C. § 3730(b)(4)(A).

      B.    <u>The Attorney General of the State of California's Objection</u>

For similar reasons, the Attorney General of the State of California objects to the dismissal of the claims against Shield and A-Med brought under the California FCA.  The California FCA includes a public disclosure bar that, similar to the federal FCA, provides that "[t]he court shall dismiss an action or claim under this section, *unless opposed by the Attorney General* or prosecuting authority of a political subdivision, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" in several ways, including in a criminal, civil, or administrative hearing in which the state is a party.  California Government Code § 12652(d) (emphasis added).

CONCLUSION

For the foregoing reasons, and in light of the United States' objection pursuant to 31 U.S.C. § 3730(e)(4)(A), this Court should deny the motions by Shield and A-Med to dismiss on public disclosure grounds.

Respectfully submitted,

| | | | |
|---|---|---|---|
| | CARMEN M. ORTIZ<br>United States Attorney | | KAMALA D. HARRIS<br>Attorney General of California |
| By: | /s/ *George B. Henderson, II*<br>George B. Henderson, II (BBO #230185)<br>Kriss Basil (BBO #673074)<br>Assistant U.S. Attorneys<br>John J. Moakley U.S. Courthouse,<br>  Suite 9200<br>1 Courthouse Way<br>Boston, MA 02210<br>(617) 748-3100<br>george.henderson2@usdoj.gov<br>Kriss.Basil@usdoj.gov | By: | */s/ Nicholas N. Paul*<br>NICHOLAS N. PAUL<br>Supervising Deputy Attorney General<br>*Attorney for the State of California*<br>California Department of Justice<br>1455 Frazee Road, Suite 315<br>San Diego, CA 92108<br>(619) 688-6099<br>nicholas.paul@doj.ca.gov |

<u>Certificate of Service</u>

    I hereby certify that on this 3rd day of March, 2016, I caused a copy of the foregoing document to be served on counsel of record via the CM/ECF system.

                                             */s/ George B. Henderson, II*
                                               George B. Henderson, II