UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, and  )<br>THE STATE OF CALIFORNIA,                          )<br>*ex rel.* KIMBERLY HERMAN, AMY         )<br>LESTAGE and KEVIN ROSEFF,              )<br>                                                                     )<br>      Plaintiffs,                                            )<br>                                                                     )<br>v.                                                                 )<br>                                                                     )<br>COLOPLAST CORP., *et al.*                            )<br>                                                                     )<br>      Defendants.                                         ) | Civil Action No. 11-12131-RWZ |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR STATUTORY ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Kimberly Herman, Amy Lestage, and Kevin Roseff ("Relators" or "Plaintiffs") hereby request leave of the Court to file a motion for an award of statutory attorneys' fees pursuant to 31 U.S.C. § 3730(d)(1). In support of their motion, Relators state as follows:

**BACKGROUND**

The Relators filed their original *qui tam* complaint in December 2011. Thereafter, the case was stayed for approximately three years, until August 2014. It was not inactive during that time, however. The Department of Justice civil and criminal divisions and the FBI actively investigated the Relators' claims during the stay. Relators and their counsel provided material support to the government during its investigation. Specifically, Relators and their former counsel met with government attorneys and FBI agents in Boston on numerous occasions, they made document productions, and they provided whitepapers to the government with details of the defendants' fraudulent schemes. Relators' current counsel took over the case in 2014 shortly after the Court partially lifted the stay. Relators' current counsel has similarly met with the government on numerous occasions and made Relators available to the government during its

investigation and settlement negotiations with the various defendants. Counsel also drafted amended complaints and submitted additional whitepapers to the government. In short, Relators' counsel have expended thousands of billable hours on this case, which have so far gone uncompensated.[1] This work was time consuming, complex and thus expensive.

The government ultimately negotiated settlements with four defendants – Coloplast, Corp. ("Coloplast"), Byram Healthcare Centers, Inc. ("Byram"), Hollister, Inc. ("Hollister"), and Liberator Medical Supply, Inc. ("Liberator"), (collectively the "Settling Defendants") – which resolved the *qui tam* allegations in the Relators' complaint. The settlement agreements are now final and resolve nearly all of Relators' claims against the Settling Defendants.[2] These settlements collectively returned approximately $24 million to the federal fisc.[3]

In short, the bulk of the *qui tam* case has settled and the government's involvement in this action has concluded. The government and Relators have obtained substantial recovery on the majority of the *qui tam* claims. The few claims that remain to be litigated are discrete issues, not the type of widespread fraudulent conduct alleged in the original complaint and released as part of the settlement agreements. The government has indicated that it does not intend to intervene as to any of the remaining claims. (Dkt. 46 (A-Med), 55 (Shield and CCS), 56 (Coloplast), 110 (Hollister).) Thus, Relators' future attorneys' fees, if any, will be recovered under different statutory provisions than the one that currently entitles them to fees against the Settling Defendants. *Compare* § 3730(d)(1) *with* §§ 3730(d)(2), 3730(h) . Relators should be permitted

---

[1] The total number of hours expended by the various Relators' attorneys in this action exceeds 3,328 hours.

[2] The settlements resolved all of the Relators' claims against the Settling Defendants except: (1) Relators' claims for attorneys' fees, expenses and costs pursuant to 31 U.S.C. § 3730(d); (2) Relators' individual retaliation claims against Coloplast (SAC Counts XIV through XVIII); and (3) the telephone solicitation prohibition claim against Hollister (SAC Count X). *See* Dkt. 82 at 2-3 ¶¶ 4-5, 9-10.

[3] https://www.justice.gov/opa/pr/byram-healthcare-and-hollister-inc-pay-209-million-resolve-kickback-allegations.

to recover the attorneys' fees, costs, and expenses they have incurred up through date of the settlements with Hollister and Byram as these settlements mark a significant milestone in the case: *i.e.* the conclusion of the government's involvement.

## ARGUMENT

### A. The False Claims Act Mandates an Award of Attorneys' Fees to Relators

The False Claims Act ("FCA") contains a mandatory fee-shifting provision that awards attorneys' fees and costs to a relator where the government intervenes in a *qui tam* action and either settles the claims or obtains judgment against the defendant. In relevant part, the statute provides:

> If the Government proceeds with an action brought by a person under subsection (b) . . . Any such person shall . . . receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant.

31 U.S.C. § 3730(d)(1).

As discussed above, the government has partially intervened in this action for purposes of settlement as to the Settling Defendants. (Dkt. 56, 110.) The government and the Relators have entered into final settlement agreements with each of the Settling Defendants and obtained a substantial recovery from them in exchange for releasing the core *qui tam* claims. There is no question that the Relators are entitled to recover their attorneys' fees from the Settling Defendants. The only dispute is the timing of their petition.

### B. An Attorneys' Fee Award is Appropriate Now

A fee award need not always await full litigation and the entry of final judgment. *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 12 (1st Cir. 2011). "The Supreme Court has made it transparently clear that an award under a federal fee-shifting statute may sometimes be appropriate prior to the entry of final judgment. . . . Such an award is proper, pendente lite,

3

'where a party has established his entitlement to some relief on the merits of his claims.'" *Id.* (internal citation and quotation marks omitted). The question is "whether the plaintiffs, at this stage, can be said to have succeeded on significant claims affording them some of the desired relief." *Id.*

The Sixth Circuit has articulated the following "helpful description" concerning when an award of attorneys' fees is appropriate pendente lite, which this Court has cited with approval:

> Interim attorney fees awarded during the pendency of litigation are permissible and thus within the authority of the district court when the court has entered a concrete order that "'determines substantial rights of the parties,'" meaning "*when a party has prevailed on the merits of at least some of his claims.*" Hanrahan v. Hampton, 446 U.S. 754, 757–58, 100 S. Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam) (quoting *Bradley v. Richmond Sch. Bd.*, 416 U.S. 696, 723 n. 28, 94 S. Ct. 2006, 40 L.Ed.2d 476 (1974)). Interim fees are "especially appropriate" when a party has prevailed on "an important matter" in a case, even if the party ultimately does not prevail on all issues. *Hampton*, 446 U.S. at 757, 100 S. Ct. 1987 (quoting S. Rep. No. 94–1011, at 5 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5912). The Supreme Court has declared that, *particularly in complex cases of long duration*, delaying a fee award until the conclusion of litigation "would work substantial hardship on plaintiffs and their counsel" and discourage the institution of actions that Congress intended to encourage by passage of attorney fee statutes.

*Conservation Law Found., Inc. v. Patrick*, 767 F. Supp. 2d 244, 249-50 (D. Mass. 2011) (emphasis added). Thus, the Court can enter an interim award of attorneys' fees in appropriate cases where the plaintiff has prevailed on at least some of his claims.

This is one of those cases. In the words of the First Circuit, this case has "reached a significant plateau." *Hutchinson*, 636 F.3d at 12. The vast majority of the *qui tam* case is over. The government and the Relators have reached a settlement with the Settling Defendants that finally resolves the *qui tam* claims against those defendants. The settlement agreements reserved only the Relators' claims for attorneys' fees and costs against the Settling Defendants, as well as two discrete claims that are independent from the rest of the *qui tam* litigation (*i.e.* the retaliation claims and the telemarketing claim). Thus, at this stage Relators have succeeded on their core

4

*qui tam* allegations against the Settling Defendants and should be permitted to recover the fees and expenses they have incurred thus far. *See Hanrahan v. Hampton*, 446 U.S. at 757 (interim fees are "especially appropriate" when a party has prevailed on "an important matter").

Moreover, the remaining claims against Coloplast, Hollister and the non-settling defendants could take years to litigate. The Supreme Court has recognized that an interim fee award is particularly appropriate in "complex cases of long duration." *Bradley v. Richmond Sch. Bd.*, 416 U.S. 696, 723 (1980) (per curiam). This case has been active for nearly five years. It could well be another two or more years before all of the Relators' remaining claims are either resolved or final judgment has entered. It would "work a substantial hardship" on the Relators and their counsel to require them to litigate the remaining claims against the non-settling defendants to completion before receiving any compensation for their time and efforts. *Id.*

Other district courts have awarded fees to relators under similar circumstances. For example, in *United States ex rel. Singh v. Bradford Regional Med. Ctr.*, 2013 WL 5467107, at *1 (W.D. Pa. Sept. 30, 2013), the government declined to intervene and the relator litigated claims against two defendants through summary judgment. After the court denied summary judgment, the government intervened and a settlement was reached with one of the defendants. *Id.* The relator filed a fee application seeking to recover its attorneys' fees against the settling defendant, even though claims against the non-settling defendant remained to be litigated. *Id.* The court granted the relator's fee application over the settling defendant's objection. *Id.* at *2-4. *See also United States ex rel. LeFan v. General Elec. Co.*, 2008 WL 152091, at *1 & n.1 (W.D. Ky. Jan. 15, 2008) (awarding relator attorneys' fees where he had prevailed on a discrete claim, but had not yet resolved his retaliation claims) (*citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001)).

### C. The Court Should Not Wait until the Remaining Claims are Resolved to Award Attorneys' Fees

The attorneys' fees and costs up through the date of the Hollister and Byram settlements are a fixed and certain sum. The four Settling Defendants are each liable for these attorneys' fees, while any liability as to the non-settling defendants (A-Med, Shield and CCS) is an unknown. The Court should not wait until the conclusion of the litigation against the non-settling defendants to award any fees.

The Settling Defendants' liability for the Relators' attorneys' fees is joint and several. Courts have expressly rejected defendants' requests to apportion liability for fees in accordance with each defendant's fault, finding no support in the FCA for such proportional treatment. *See, e.g.*, *United States ex rel. Wiser v. Geriatric Psychological Svcs., Inc.*, 2001 WL 286838, at *3 (D. Md. Mar. 22, 2001) (defendants are jointly and severally liable under the FCA for statutory penalties, including all attorneys' fees) (*citing Mortgages, Inc. v. Dist. Ct. for the Dist. of Nevada*, 934 F.2d 209, 212-13 (9th Cir. 1991)); *United States ex rel. Abbott-Burdick v. Univ. Medical Assoc.*, 2002 WL 34236885, at *5 (D.S.C. May 23, 2002) ("[Defendant] utterly fails to introduce any authority under the Act for the proposition that attorneys' fees awarded under 31 U.S.C. § 3730(d)(1) should be allocated among defendants when all of the Act's other provisions dictate a joint and several relationship among culpable parties."); *United States ex rel. Greendyke v. CNOS, P.C.*, 2007 WL 2908414, at *7 (D.S.D. Sept. 27, 2007) (holding defendants jointly and severally liable for the relator's attorneys' fees and costs). Thus, Coloplast's request that fees should be held in abeyance until the Court determines whether A-Med, Shield or CCS is liable under the FCA – and therefore should share in the attorneys' fees award commensurate with their proportional liability – should be rejected. (Dkt. 100 at 2.) Relators are entitled to recover the attorneys' fees they have accrued to date from the Settling Defendants without consideration

for their proportional liability, and without awaiting judgments, if any, against the non-settling defendants.[4]

Finally, the Relators' former counsel has filed a Notice of Charging Lien seeking an award of attorneys' fees under its (now terminated) fee agreement with the Relators, as well as a portion of the "relator share" awarded to the Relators. (Dkt. 41 and 48.) The government and the Relators have reached agreement in principle on the Relators' share of the settlement proceeds and are in the process of finalizing a relator share agreement. Once that agreement is executed, the government will distribute the Relators' share to their counsel's trust account. That money cannot be disbursed to the Relators unless and until the dispute with the former counsel is resolved. Although Coloplast may be correct that this dispute "has absolutely nothing to do with Defendants," they are incorrect that the dispute can be worked out without this Court's involvement. (Dkt. 100 at 2.) Relators' former counsel has filed a Charging Lien on the docket in this Court, which makes the lien a "live" dispute in this action that the Court must eventually resolve. This dispute is another reason why it makes sense to address the fee issue now, rather than waiting an indefinite period of time (likely years) until after final judgment has entered as to every remaining defendant. An award of fees now would dispose of the lien dispute and get it off this Court's docket.

## CONCLUSION

WHEREFORE, for the reasons stated herein Plaintiffs respectfully request leave of the Court to file a motion for an award of statutory attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(1).

---

[4] That said, Relators will exercise judgment to eliminate time spent solely on claims against A-Med, Shield, and CCS in filing their fee application against the Settling Defendants. *See Singh*, 2013 WL 5467107, at *2. However, Relators expect that such time will be minimal, if any.

May 13, 2016                                    Respectfully submitted,

**Attorneys for Plaintiffs Kimberly Herman, Amy Lestage and Kevin Roseff**

*/s/ Paul W. Shaw*
Paul W. Shaw (BBO No. 455500)
Taylor R. Neff (BBO No. 675255)
VERRILL DANA LLP
One Boston Place, Suite 1600
Boston, MA 02108
(617) 309-2600
pshaw@verrilldana.com
tneff@verrilldana.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2016 I caused a true and accurate copy of the foregoing document to be filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. I also caused the foregoing document to be sent by e-mail (by agreement), to the following parties' counsel:

Coloplast, Corp.
Thomas W. Beimers
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Thomas.Beimers@FaegreBD.com

Liberator Medical Supply, Inc.
Maureen A. Ruane
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, NJ 07068
MRuane@lowenstein.com

Byram Health Care Centers, Inc.
Jonathan N. Rosen
POLSINELLI
1401 Eye Street, N.W., Suite 800
Washington, DC 20005
jnrosen@polsinelli.com

A-Med Health Care Center
Dennis Warren
827 Commons Drive
Sacramento, California 95825
dwwotp@gmail.com

And by mail to:

Hollister, Inc.
Michael K. Loucks
Alexandra M. Gorman
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston Street
Boston, MA 02116
michael.loucks@skadden.com

State of California
Nicholas Paul
David Zlotnick
California Department of Justice
1455 Frazee Road, Suite 315
San Diego, CA 92108
nicholas.paul@doj.ca.gov

*/s/ Paul W. Shaw*
Paul W. Shaw