UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, and THE STATE OF CALIFORNIA, ex rel. KIMBERLY HERMAN, AMY LESTAGE and KEVIN ROSEFF,<br><br>    Plaintiffs,<br><br>v.<br><br>COLOPLAST A/S, COLOPLAST CORP., HOLLISTER, INC., 180 MEDICAL INC., A-MED HEALTH CARE CENTER, BYRAM HEALTHCARE CENTERS, INC., CCS MEDICAL, INC., LIBERATOR MEDICAL SUPPLY, INC., RGH ENTERPRISES, INC. d/b/a EDGEPARK MEDICAL SUPPLIES, and SHIELD CALIFORNIA HEALTH CARE CENTER, INC.,<br><br>    Defendants. | Civil Action No. 11-12131-RWZ |

**CCS MEDICAL, INC.'S MOTION TO DISMISS
COUNTS I, II, AND III OF THE THIRD AMENDED COMPLAINT**

CCS Medical, Inc. ("CCS") moves to dismiss Counts I, II, and III because the allegations of illegal kickbacks relating to CCS in the Third Amended Complaint fail to meet the requirements of Federal Rules of Civil Procedure 12(b)(6) and 9(b). The Relators' allegations against CCS fail for two separate and independent reasons:

First, the allegations relating to three pricing agreements in the Third Amended Complaint, if true, are insufficient to establish violations of the Anti-Kickback Statute ("AKS"). The Relators allege that CCS received pricing discounts from a manufacturer Coloplast, Corp. ("Coloplast") but the law is clear that discount pricing alone, without allegations of concealment, sham agreements, or other wrongdoing is not a violation of the AKS.

Second, the Third Amended Complaint lacks sufficient allegations of what the First Circuit has called the *sine qua non* of a viable False Claims Act ("FCA") claim – the submission of actual false claims. The Relators have made only broad, non-specific allegations of a possible kickback arrangement between CCS and Coloplast and have failed to allege the submission of any false claims. The chart of 31 Medicare claims appended at Exhibit 6 does not cure this deficiency. The chart does not show that CCS submitted any of the 31 claims, nor does it show that any of the products for which reimbursement is being sought were manufactured by Coloplast.

For these reasons, and those set forth in the accompanying Memorandum in Support of CCS Medical Inc.'s Motion to Dismiss, the Third Amended Complaint still does not adequately allege that CCS entered into any agreement with Coloplast that violates the AKS or that CCS actually submitted any false or fraudulent claims to Medicare, and Counts I, II, and III, which relate solely to CCS's alleged arrangement with Coloplast, must be dismissed with prejudice.

## REQUEST FOR HEARING

Although the Court has indicated its intention to resolve all motions filed in response to the Third Amended Complaint without a hearing, CCS respectfully asks that a hearing be held on this motion. The allegations and Counts against CCS are unique and distinct from those against the other medical suppliers remaining in the case, A-Med Health Care Center, Byram Healthcare Centers, Inc., and Shield California Health Care Center, Inc. Accordingly, CCS asks for the opportunity to be heard on the dismissal of Counts I, II, and III and to respond to any questions that the Court may have regarding the arguments set forth in the accompanying memorandum.

DATED: June 13, 2016

        Respectfully submitted,

        CCS MEDICAL INC.

        By its attorneys,

        /s/ Ingrid S. Martin
        Paul Cirel (BBO #084320)
        Ingrid S. Martin (BBO # 653632)
        Lauren Graber (BBO# 679226)
        Collora LLP
        100 High Street, 20th Floor
        Boston, MA 02110-2321
        pcirel@collorallp.com
        imartin@collorallp.com
        lgraber@collorallp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2016, I caused a true and correct copy of the foregoing document to be served upon all counsel of record via CM/ECF electronic filing.

        /s/Ingrid S. Martin