**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE STATE OF CALIFORNIA, *ex rel.* KIMBERLY HERMAN, AMY LESTAGE, and KEVIN ROSEFF,<br><br>        Plaintiffs<br><br>vs.<br><br>COLOPLAST CORP. *et al.*,<br><br>        Defendants. | **CIVIL ACTION NO.:**<br>**11-cv-12131 RWZ** |

**DECLARATION OF PAUL W. SHAW IN SUPPORT**
**OF THE MOTION FOR PARTIAL RECONSIDERATION**

I, Paul W, Shaw, declare as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts.

2. I represent the plaintiffs Kimberly Herman, Amy Lestage, and Kevin Roseff ("Plaintiffs") in the above-captioned matter.

3. I submit this declaration in support of Plaintiffs' Motion for Partial Reconsideration filed herewith. This declaration is based upon my personal knowledge.

4. In September 2017, counsel for Shield California Health Care Center, Inc. ("Shield") requested a meeting with Plaintiffs' counsel and the Massachusetts United States Attorney. That meeting was held at the offices of Plaintiffs' counsel in Boston on October 13, 2017. In attendance for Shield were attorneys Patric Hooper and David Schumacher. From the U.S. Attorney's Office was Assistant U.S. Attorney George "Bunker" Henderson, while I was present with attorneys Taylor Neff and Cecilie MacIntyre on behalf of Plaintiffs.

5. The focus of that meeting was a discussion of the merits of Plaintiffs' claims against Shield, and the significance of the prior litigation regarding Shield's violation of the UBL

regulation, *U.S. ex rel. Donath v. Whitestone Corp* ("*Donath*").  During that meeting, Mr. Hooper made certain statements about the *Donath* settlement in 2011 and the position taken by the California Attorney General's Office.  Specifically, Mr. Hooper stated that the California Attorney General's Office (specifically Deputy Attorney General Siobhan Franklin) had not been interested in rebates or discounts that were *not* included on invoices ("off-invoice rebates").  Mr. Hooper further asserted that the California Attorney General's Office knew about off-invoice rebates, but did not pursue the issue.

6. In response, I informed Mr. Hooper that Siobhan Franklin, the California Deputy Attorney General who had handled the *Donath* litigation, was still working at the California Attorney General's Office and was prepared to testify in the current Shield litigation contrary to the assertions made by Mr. Hooper.

7. After Shield filed its motion for summary judgment on December 26, 2017, Plaintiffs filed the declarations of both DAG Siobhan Franklin (ECF No. 312) and Pansy Watson (ECF No. 313) in support of the opposition to the motion.  However, Shield only moved to strike and exclude the declaration of Pansy Watson based on Plaintiffs' failure to list her as a witness in their Rule 26(a) disclosures.  *See* ECF No. 317.

8. At no time prior to the filing of Shield's current Motion to Exclude Belatedly-Disclosed Witnesses from Testifying at Trial (ECF No. 355) did Shield ever raise an issue about DAG Siobhan Franklin.

Signed under the penalty of perjury this 2nd day of January, 2019.

/s/ Paul W. Shaw
_____
PAUL W. SHAW
(Mass BBO No. 455500)