## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE STATE OF CALIFORNIA, *ex rel.* KIMBERLY HERMAN, AMY LESTAGE, and KEVIN ROSEFF,<br><br>          Plaintiffs,<br><br>     vs.<br><br>COLOPLAST A/S, COLOPLAST CORP., HOLLISTER INC., 180 MEDICAL, INC., A-MED HEALTH CARE CENTER, BYRAM HEALTHCARE CENTERS, INC., CCS MEDICAL, INC., LIBERATOR MEDICAL SUPPLY, INC., RGH ENTERPRISES, INC. d/b/a EDGEPARK MEDICAL SUPPLIES, and SHIELD CALIFORNIA HEALTH CARE CENTER, INC.,<br><br>          Defendants. | CIVIL ACTION NO.:<br>11-cv-12131 RWZ |

## SHIELD CALIFORNIA HEALTH CARE CENTER, INC.'S
## OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION

This Court has twice rejected Plaintiffs' attempts to elicit testimony from witnesses who were not disclosed to Shield in the six-year history of this litigation until the eve of trial. Hoping that the third time is the charm, Plaintiffs request that the Court "reconsider" its ruling excluding the untimely-disclosed witnesses from testifying at trial. But as Plaintiffs well know, a Motion for Reconsideration is disfavored in this Circuit and is allowed in only the rarest of circumstances: a clear showing that the Court committed a manifest error of law or upon the discovery of new evidence. Plaintiffs offer neither, and the Motion for Partial Reconsideration ("Motion") should be denied. Plaintiffs then request "in the alternative" that the Court authorize depositions for two of the excluded witnesses, Siobhan Franklin and Pansy Watson, in the event that "rebuttal" testimony is required. This request for "alternative" relief is nothing more than a repackaged request that the Court reconsider its preclusion ruling. Moreover, even if Plaintiffs

1

are permitted to offer rebuttal testimony at trial, they may not do so through the witnesses at issue here, because the federal rules require a party to identify *any* witness that a party may call at trial, *including* rebuttal witnesses. Because Plaintiffs failed to do so, these witnesses are precluded from testifying at trial in any capacity.

## ARGUMENT

"Reconsideration is an extraordinary remedy that should rarely be granted." *Oath Nguyen Chung v. StudentCity.com, Inc.*, No. 10-10943-RWZ, 2013 U.S. Dist. LEXIS 18589, at *2 (D. Mass. Feb. 12, 2013) (Zobel, J.). A motion for reconsideration is only allowed if the movant presents "newly discovered evidence (not previously available)" or demonstrates that the decision was based on a "manifest error of law." *Id.*; *see also Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014); *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). To be sure, a motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it [] does not allow a party to … advance arguments that could and should have been presented to the district court prior to the judgment." *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997). Therefore, the Court "will not consider any argument already rejected, or any theory that could—and should—have been raised earlier." *Karter v. Pleasant View Gardens, Inc.*, 323 F. Supp. 3d 179, 181 (D. Mass. 2018) (Zobel, J.); *see also Ruize Rivera v. Pfizer Pharmaceuticals, LLC*, 521 F.3d 76, 81 (1st Cir. 2008).

In their Motion, Plaintiffs completely ignore these standards, which are well known to them (*see* Docket No. 347). Plaintiffs neither present newly discovered evidence nor identify a manifest error of law in the Court's order. Instead, they rehash prior arguments, which the Court rejected, and raise a new argument (not based on newly-discovered evidence) that is procedurally defaulted. The Motion should be denied in its entirety.

## I.      Plaintiffs' Rehashed Arguments Are Improper in a Motion for Reconsideration

Plaintiffs have abandoned their attempts to call Nicholas Paul and Joseph Chavez at trial, but they persist in seeking testimony from two of the newly-disclosed witnesses: Pansy Watson and Siobhan Franklin. Plaintiffs claim that, even though they failed to disclose these witnesses to Shield before discovery closed, they should be able to call these witnesses at trial because they are "integral to Plaintiffs' presentation of their case" to demonstrate scienter and materiality. Motion at 2. But Plaintiffs don't show why the Court's ruling precluding these witnesses was based on a manifest error of law. Moreover, Plaintiffs raised these precise arguments previously, *see* Opposition to Motion to Exclude (Docket No. 356) at 8; they cannot be rehashed in a motion to reconsider. *See Biltcliffe*, 772 F.3d at 930.

## II.     Plaintiffs' New Arguments Are Waived and Are Not Meritorious

Next, Plaintiffs claim, for the first time, that Shield knew that Plaintiffs intended to call Ms. Franklin at trial based on a stray comment that Plaintiffs' counsel insists he made during a settlement meeting.[1] As a threshold matter, Plaintiffs have long known about this meeting, which occurred on October 13, 2017. Plaintiffs' counsel's own alleged stray comment obviously does not constitute newly discovered evidence, and there is no reason why Plaintiffs could not have raised this argument previously. Having failed to do so, it is waived.

Even if the claim was not waived, it is undisputed that Plaintiffs failed to identify Ms. Franklin (and Ms. Watson) in their Rule 26(a) disclosures to Shield until nine months *after* discovery closed and after summary judgment was complete. Shield certainly does not concede that Plaintiffs disclosed that they intended to call Ms. Franklin at trial at the meeting in question. But even if this statement was made, an offhand remark at a settlement meeting is no substitute

---

[1] Plaintiffs do not claim that any representation was made regarding Ms. Watson during this meeting.

for compliance with the fair notice provisions of Rules 26 and 37. A party who fails to timely identify a witness "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998) ("the required sanction in the ordinary case is mandatory preclusion"); *Melczer v. Unum Life Ins. Co. of Am.*, 259 F.R.D. 433, 436 (D. Ariz. 2009) (Rule 37(c)(1) "means what it says").

### III.   Plaintiffs Should Not Be Permitted to Depose the Excluded Witnesses

Finally, having provided the Court with no cognizable basis to reconsider its decision, Plaintiffs nonetheless request authorization to depose these excluded witnesses. Plaintiffs previously characterized Ms. Franklin and Ms. Watson as "integral" witnesses for their case-in-chief. Later, they re-branded them as expert witnesses, hoping to avoid preclusion for having failed to disclose them as fact witnesses. Now, Plaintiffs claim that "one of the primary reasons" for identifying Ms. Franklin and Ms. Watson was to "rebut" evidence that Shield *may* offer at trial. *See* Motion at 4. As Plaintiffs have previously intoned,[2] "[l]itigation is not a game of hopscotch . . . a litigant should not be allowed to switch from theory to theory like a bee in search of honey." *Cochran v. Quest Software*, 328 F.3d 1, 11 (1st Cir. 2003) .

However the witnesses are characterized, the Court should reject Plaintiffs' thinly-veiled attempt to evade the preclusion order. Plaintiffs couch this request as an "alternative" remedy, but it is actually just another way to ask the Court reconsider its prior ruling. The same standard that applies to the motion for reconsideration applies to the "alternative" request to depose these witnesses. Because Plaintiffs have neither offered newly-discovered evidence nor identified a

---

[2] *See* Relator's Opposition to Shield's Motion for Reconsideration, at 2 (Docket No. 347).

manifest error of law in the Court's decision, the witnesses are precluded from testifying at trial—in court or via deposition testimony.

Plaintiffs appear to be under the misimpression that they were not required to disclose witnesses who would only be used for rebuttal purposes. In fact, a party must disclose "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). This includes information that a party may use to support the denial "*or rebuttal*" of the party's allegations. *See* Fed. R. Civ. P. 26 advisory committee's note (2000) (emphasis added). Courts regularly reject attempts to introduce previously undisclosed witnesses at trial under the guise of "rebuttal." *See United States v. 434 Main St.*, No. 09-11635-JGD, 2012 U.S. Dist. LEXIS 159532, at *2 (D. Mass. Nov. 7, 2012) (Dein, M.J.) (granting motion to exclude previously undisclosed "rebuttal" witness); *see also Searles & Van Bebber,* 251 F.3d 869, 877-78 (10th Cir. 2001) (affirming exclusion of "rebuttal" witness); *Faure v. Las Cruces Med. Ctr., LLC*, No. 14-cv-559 KG/KBM, 2017 U.S. Dist. LEXIS 150358, at *5 (D.N.M. Sept. 15, 2017) ("Witnesses, including rebuttal witnesses are subject to the Rule 26(a)(1) disclosure requirements"); *United States v. M&T Mortgage Corp.,* 518 F. Supp. 2d 108, 114 (D.D.C. 2007) ("there [is] no 'rebuttal' exception" to Rule 26(a)(1)).

In short, even if Shield introduces evidence at trial that triggers rebuttal —and it is premature to *assume* that this will occur—Ms. Franklin and Ms. Watson may not offer rebuttal testimony, because "to the extent the plaintiff believed that [the witness] may have been needed

as a witness at trial, it had an obligation to disclose him." *434 Main St.*, 2012 U.S. Dist. LEXIS at

*2.[3]

## CONCLUSION

For the above-stated reasons, Shield requests that the Court deny Plaintiffs' Motion for

Partial Reconsideration in its entirety.

---

[3] It must be noted that Plaintiffs do not really view Ms. Franklin and Ms. Watson as mere rebuttal witnesses. Plaintiffs intend to offer Ms. Franklin to testify about discussions she had with Shield as a California Deputy Attorney General during the prior *Donath* litigation. Motion at 2. This testimony goes directly to Plaintiffs' theory that, based on the prior litigation, Shield was aware that its rebate arrangement with Coloplast was unlawful—that Shield acted with the requisite *scienter* under the False Claims Act ("FCA"). *See* Third Amended Complaint, ¶143. Similarly, Plaintiffs proffer that Ms. Watson, a high-level employee within the California Department of Health Care Services, will testify that Shield's supposed violation of the California Upper Billing Limit regulation was *material* to the state's payment determination. Motion at 2. Plaintiffs must offer evidence to satisfy the scienter and materiality elements of the FCA in their case-in-chief. Thus, while Plaintiffs characterize Ms. Franklin and Ms. Watson as rebuttal witnesses, it is apparent that they actually intend to use them affirmatively to prove their claims against Shield.

Respectfully submitted,

SHIELD CALIFORNIA HEALTHCARE
CENTER, INC.

By its attorneys,

*David S. Schumacher*
David S. Schumacher (BBO #647917)
HOOPER, LUNDY & BOOKMAN, P.C.
470 Atlantic Avenue, Suite 1201
Boston, MA 02210
(617) 532-2700
(617) 345-3927 (fax)
dschumacher@health-law.com

Patric Hooper (*Pro Hac Vice*)
HOOPER, LUNDY & BOOKMAN, P.C.
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
(310) 551-8111
(310) 551-8181 (fax)
phooper@health-law.com

Katrina A. Pagonis (*Pro Hac Vice*)
HOOPER, LUNDY & BOOKMAN, P.C.
575 Market Street, Suite 2300
San Francisco, CA 94105
(415) 875-8500
(415) 875-8519 (fax)
kpagonis@health-law.com

DATED: January 4, 2019

## Certificate of Service

I, David S. Schumacher, counsel for Shield California Healthcare Center, Inc., hereby

certify that this document filed through the CM/ECF system will be sent electronically to the

registered participants as identified on the NEF (NEF) and paper copies will be sent to those

indicated as non-registered participants on January 4, 2019.

*David S. Schumacher*
David S. Schumacher