UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 11-12131-RWZ


UNITED STATES OF AMERICA
and THE STATE OF CALIFORNIA,
*ex rel.* KIMBERLY HERMAN, AMY LESTAGE and KEVIN ROSEFF

v.

COLOPLAST CORP., *et al.*


ORDER

April 3, 2019


ZOBEL, S.D.J.

Plaintiff Amy Lestage asserts that her employer, defendant Coloplast Corp., retaliated against her for acting as a relator in a federal False Claims Act *qui tam* action in which Coloplast was a defendant. In anticipation of trial, the parties have filed several motions *in limine*. The court rules as follows:

**Plaintiff's Motions**

**1. Plaintiff Amy Lestage's Motion *In Limine* To Exclude Testimony, Evidence, and Reference to the Relator Share Plaintiff Received from Underlying *Qui Tam* Action (Docket # 368) is ALLOWED.**

The amount of money plaintiff ultimately received for her role as *qui tam* relator from the settlement of the underlying False Claims Act violations is not relevant to plaintiff's case of retaliation or theory of damages. The reward extended to successful *qui tam* plaintiffs incentivizes whistleblowers and is distinct from the remedial protection

afforded to those whistleblowers—successful or not—whose employers retaliate against them.  Compare 31 U.S.C. § 3730(d) (award to qui tam plaintiff), with 31 U.S.C. § (h) (relief from retaliatory actions).  Knowledge of the sum plaintiff received as a reward for pursuing her claim would serve only to prejudice the jury against her claim for additional (yet separate) compensation in the instant case.  See Grenadyor v. Ukrainian Vill. Pharm., Inc., No. 09 C 7891, 2019 WL 1200780, at *1-3 (N.D. Ill. Mar. 14, 2019).

Defendant Coloplast requests that plaintiff likewise be precluded from referencing the allegations against defendant in the underlying False Claims Act action.  But because the *qui tam* case does bear some relevance to plaintiff's claim that she engaged in protected conduct, she may testify to the fact that she played a role.  The scope of this evidence will be so limited.

**2.  Plaintiff Amy Lestage's Motion *In Limine* To Exclude Testimony, Evidence, and Reference to Any Common Law Duty of Loyalty (Docket # 376) is DENIED AS MOOT in light of defendant's dismissal of its counterclaims.**

**Defendant's Motions**

**1.  Coloplast Corp.'s First Motion *In Limine* Seeking Exclusion of Evidence and Argument Relating to Certain Damages (Docket # 365) is ALLOWED IN PART and DENIED IN PART.**

Defendant's motion to exclude compensatory damages is DENIED.  Contrary to defendant's argument, because a retaliation claim does not require proof of fraud, the heightened pleading standard of Fed. R. Civ. P. 9(g) does not apply.  Guilfoile v. Shields, 913 F.3d 178, 188 (1st Cir. 2019).

Because plaintiff was not terminated, defendant's motion to exclude "front pay" damages is ALLOWED. If plaintiff proves defendant did retaliate, she is entitled to recover, in addition to any emotional distress damages, the difference between the compensation she would have received but for defendant's retaliatory actions and the compensation she, in fact, received from the beginning of any retaliatory conduct until such conduct and any effect thereof ceases.

Defendant's motion to exclude any claim or argument for damages based on defendant's counterclaims is ALLOWED because defendant has agreed to dismiss them.

**2. Coloplast Corp.'s Second Motion *In Limine* Excluding Plaintiff's Expert's Testimony (Docket # 370).**

Plaintiff reports she no longer plans to present testimony on Dr. Roberts' "Model A." It is still unclear, however, what the expert is expected to tell the jury given the measure of damages in this case.

**3. Coloplast Corp.'s Third Motion *In Limine* Preventing Plaintiff from Presenting Evidence That She was Suspended While on Paid Leave (Docket # 373) was resolved at the pretrial conference.**

The parties agreed that defendant may to refer to plaintiff's absence as a "paid administrative leave," but plaintiff may testify that she felt she had been "suspended."

|  |  |
|---|---|
| April 3, 2019 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |