**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE STATE OF CALIFORNIA, *ex rel.* KIMBERLY HERMAN, AMY LESTAGE, and KEVIN ROSEFF,<br><br>Plaintiffs,<br><br>vs.<br><br>COLOPLAST A/S, COLOPLAST CORP., HOLLISTER INC., 180 MEDICAL, INC., A-MED HEALTH CARE CENTER, BYRAM HEALTHCARE CENTERS, INC., CCS MEDICAL, INC., LIBERATOR MEDICAL SUPPLY, INC., RGH ENTERPRISES, INC. d/b/a EDGEPARK MEDICAL SUPPLIES, and SHIELD CALIFORNIA HEALTH CARE CENTER, INC.,<br><br>Defendants. | CIVIL ACTION NO.:<br>11-cv-12131 RWZ |

**SHIELD CALIFORNIA HEALTH CARE CENTER, INC.'S**
**MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE**
**THAT RELATOR HERMAN SOUGHT OUTSIDE COUNSEL**

During her deposition, one of the plaintiffs in this case, Kimberly Herman, testified that, while working for Coloplast Corp. ("Coloplast"), she sought and received a memorandum from a law firm concerning the proposed 2010 agreement between Coloplast and defendant Shield California Health Care Center, Inc. ("Shield"). Shield has never seen this memorandum. Thus, Shield is unable to challenge the memorandum's contents or any of the circumstances surrounding Ms. Herman's request or the memorandum at trial. It is hornbook law that a party may not use the attorney-client privilege as a "sword" to bolster her case while at the same time using the privilege as a "shield," preventing an opposing party from discovering a privileged communication. Moreover, in this case, it appears that the privilege does not belong to Ms. Herman, but, rather, Coloplast, a non-party to this case that is unable to waive any applicable

privilege. Shield moves this Court *in limine* for an order preventing plaintiffs from eliciting at trial any evidence surrounding this supposed memorandum.

Ms. Herman testified during her deposition that she had concerns about the Shield-Coloplast arrangement. Rather than raise these concerns with the Coloplast compliance department or in-house counsel, Ms. Herman testified that she contacted a Florida lawyer she knew at a law firm (who was not outside counsel for Coloplast) and asked him to provide an opinion concerning the agreement. According to Ms. Herman, the lawyer provided a memorandum indicating, in substance, that the Shield-Coloplast agreement was "something to be very concerned about" and that Coloplast should include on its invoices language stating that the invoice prices may not reflect the final price, due to rebates or other discounts.[1] *See* Deposition of Kimberly Herman, November 6, 2017, at 58-60 (attached as Exhibit A). Plaintiffs may seek to use this episode at trial to cloak Ms. Herman's supposed concerns about the 2010 agreement with the imprimatur from a health care lawyer.

Ms. Herman testified that, when she was terminated from Coloplast, she left this letter in her files at Coloplast, and that she no longer has a copy. *Id.* at 61. Shield has never seen this letter.

It is well established that a party may not use the attorney-client privilege as a "sword" and a "shield." *See, e.g., United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d. Cir. 1991); *see also XYZ Corp. v. United States (In re Keeper of the Records)*, 348 F.3d 16, 24 (1st Cir. 2003); *Johnson v. Shaines & McEachern, P.A.*, 1994 U.S. Dist. LEXIS 16276, *5 (D.N.H. Oct. 4, 1994). When a party "asserts a claim that in fairness requires examination of protected

---

[1] Ms. Herman conceded in her deposition that the 2010 contract itself contains precise language to this effect. *Id.* at 59.

communication," the privilege is waived. *Bilzerian*, 926 F.2d at 1292. Thus, in the normal case, if Ms. Herman sought to testify about the circumstances surrounding the opinion letter, she would be required to produce the letter to Shield.

The problem here is that the letter is nowhere to be found. Ms. Herman testified that she does not have the letter, because she supposedly left it at Coloplast when she was terminated. And even if Ms. Herman had the letter, she could not unilaterally provide it to Shield, because she obtained the letter in her capacity as an employee of Coloplast. As such, it is Coloplast, not Ms. Herman, who is considered the "client" for the purposes of the attorney-client privilege. *See, e.g.*, *Mackenzie-Childs LLC v. Mackenzie-Childs,* 262 F.R.D. 241, 248 (W.D.N.Y. 2009). The attorney-client privilege belongs to the client, *see, e.g., Ark. Teacher Ret. Sys. v. State St. Bank & Trust Co.*, 2018 U.S. Dist. LEXIS 111320, at *47 (D. Mass. June 20, 2018) (Wolf, J.), and only the client can waive the privilege. *See, e.g., Catino v. Travelers Ins. Co.*, 136 F.R.D. 534, 539 (D. Mass. 1991) (Collings, M.J.). Here, there is no indication that Coloplast, which is not a party to the case, has waived any privilege associated with the opinion letter.

Under these circumstances, it would be manifestly unfair to Shield to allow Ms. Herman to testify that she sought and obtained a letter from a lawyer that supposedly opines about the Shield-Coloplast agreement, when Shield is unable to effectively cross-examine Ms. Herman concerning the contents of the supposed letter. Ultimately, the jury may be confused about this issue, or, worse, Shield will be unfairly prejudiced by the testimony. *See Fed. R. Evid. 403*. Therefore, the Court should order that plaintiffs may not elicit any evidence concerning the content of and circumstances surrounding the opinion letter.

**CONCLUSION**

For the above-stated reasons, Shield respectfully requests that the Court order the plaintiffs may not elicit any evidence concerning the circumstances surrounding Ms. Herman's request for an opinion letter from outside counsel concerning the 2010 agreement.

    Respectfully submitted,

    SHIELD CALIFORNIA HEALTHCARE
    CENTER, INC.

    By its attorneys,

    *David S. Schumacher*
    David S. Schumacher (BBO #647917)
    HOOPER, LUNDY & BOOKMAN, P.C.
    470 Atlantic Avenue, Suite 1201
    Boston, MA 02210
    (617) 532-2700
    (617) 345-3927 (fax)
    dschumacher@health-law.com

    Patric Hooper (*Pro Hac Vice*)
    HOOPER, LUNDY & BOOKMAN, P.C.
    1875 Century Park East, Suite 1600
    Los Angeles, California 90067-2517
    (310) 551-8111
    (310) 551-8181 (fax)
    phooper@health-law.com

    Katrina A. Pagonis (*Pro Hac Vice*)
    HOOPER, LUNDY & BOOKMAN, P.C.
    575 Market Street, Suite 2300
    San Francisco, CA 94105
    (415) 875-8500
    (415) 875-8519 (fax)
    kpagonis@health-law.com

DATED: April 11, 2019

**Certificate of Service**

I, David S. Schumacher, counsel for Shield California Healthcare Center, Inc., hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on April 11, 2019.

*David S. Schumacher*_____
David S. Schumacher

**L.R. 7.1(a)(2) and 37.1(b) Certification**

I, David S. Schumacher, counsel for Shield California Healthcare Center, Inc., hereby certify that I conferred with opposing counsel in a reasonable and good faith effort to reach agreement or narrow the areas of disagreement to the greatest possible extent on the matters set forth in the motion, but the parties failed to reach agreement.

*David S. Schumacher*_____
David S. Schumacher