UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-CV-12131-RWZ

THE UNITED STATES OF AMERICA, and THE STATE OF CALIFORNIA, *ex rel.*
KIMBERLY HERMAN, AMY LESTAGE, and KEVIN ROSEFF

v.

COLOPLAST CORP., *et al.*

MEMORANDUM AND ORDER

July 19, 2021

ZOBEL, S.D.J.

On April 12, 2019, a jury found that defendant Coloplast Corp. had retaliated against plaintiff Amy Lestage for reporting company conduct that allegedly violated the False Claims Act ("FCA"), 31 U.S.C. § 3730(h)(1).   It awarded damages in the amount of $762,525 as compensation.   The court denied defendant's post-trial motions for judgment as a matter of law and a new trial, and the First Circuit affirmed the denial. Plaintiff has now moved to recover her attorneys' fees and costs.   (Docket ## 453, 481, 497).

I.      **Legal Standard**

The FCA allows a plaintiff who prevails in a retaliation claim to obtain "compensation for any special damages sustained as a result of the discrimination,

1

including litigation costs and reasonable attorneys' fees."   31 U.S.C. § 3730(h)(2).   The parties agree that the court should apply the lodestar method to calculate a reasonable fee award.   "In fashioning the lodestar, the first step is to calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are 'excessive, redundant, or otherwise unnecessary.'"   Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emplr. v. Ray Haluch Gravel Co., 745 F.3d 1, 5 (1st Cir. 2014) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "The second step entails a determination of a reasonable hourly rate or rates . . . ."   Id. Multiplying the hours worked by the hourly rate results in the lodestar.   Id.

"The prevailing party has the burden of proving the reasonableness of the hours claimed."   Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008).   "The court may . . . adjust the potential award based on factors not captured in the lodestar calculation."   Matalon v. Hynnes, 806 F.3d 627, 638 (1st Cir. 2015).   "Attorneys' time records, submitted in support of fee requests, often contain questionable entries, and the district court's discretion in separating wheat from chaff is quite broad."   Torres-Rivera, 524 F.3d at 340.   "[I]n the fee-shifting milieu reasonableness is not an absolute but a range," id., thus "[f]lexibility is a hallmark of the lodestar approach," Matalon, 806 F.3d at 639.

## II.   First Petition for Attorneys' Fees

### A.   Reasonable Hourly Rate

In her first fee petition, plaintiff requests $768,812.50 for work performed by

seventeen attorneys and paralegals over the course of this multi-year litigation.

        1.    Attorneys

The First Circuit places the "burden on a party requesting attorneys' fees to establish—by evidence other than [her] own attorneys' affidavits—the prevailing hourly rate in the community for comparable legal services."   Bordanaro v. McLeod, 871 F.2d 1151, 1168 (1st Cir. 1989).   Plaintiff's legal team was based in both Boston, Massachusetts and Portland, Maine, but because "reasonable hourly rates should be set by reference to rates in the court's vicinage rather than in the lawyer's region of origin," Boston rates are the appropriate benchmark.   Gross v. Sun Life Assurance Co. of Can., 880 F.3d 1, 23 (1st Cir. 2018) (quoting Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 296 (1st Cir. 2001)).

Defendant challenged the initial affidavit submitted by plaintiff's attorney, Paul W. Shaw, as insufficient to support the requested rates and experience of the attorneys and paralegals who worked on the case.   Mr. Shaw responded with a supplemental affidavit.   (Docket # 479-1).   However, neither affidavit provides sufficient detail regarding the experience and backgrounds of the following attorneys: Ben Ford, Elizabeth Johnston, Marie Mueller, Alexander Porter, Nora Schmitt, and Stephen Segal. Therefore $19,989.50 for time billed by these attorneys is deducted from the $768,812.50 requested.

Mr. Shaw's affidavits and an affidavit submitted by an attorney from another Boston law firm summarily state that plaintiff's firm used reasonable rates but lack

adequate support for this conclusion.   See Bordanaro, 871 F.2d at 1168.[1]   Attorneys

Taylor Neff and Tawny Alvarez spent a significant amount of time on this case.   Both

became partners at the firm in January 2018, yet Ms. Neff's billing rate was $400 per

hour from 2015 until her departure from the firm in February 2018, while Ms. Alvarez's

rate was $360 in 2018 which increased to $380 in 2019.[2]   Given their similar

experience and status within the firm, Ms. Neff's rate is adjusted to match Ms. Alvarez's

2018 rate.   Mr. Shaw's rate is decreased to $500, particularly in light of the similar roles

he and Ms. Alvarez played at trial.   See (Docket ## 445, 446, 447, 449 (showing that

Ms. Alvarez gave the opening and closing statements and examined plaintiff); see also

Shea v. Porter, No. 08-cv-12148, 2015 U.S. Dist. LEXIS 141134, at *34 (D. Mass. Oct.

16, 2015) (adjusting an attorney's billing rate based on his role at trial).   Accordingly,

$83,177.50 is deducted to account for Mr. Shaw's adjusted rate and $8,780 to account

for Ms. Neff's adjusted rate.[3]

---

[1] Compare Docket # 453-1 at 4 ("Based on my knowledge of the Boston legal market, my hourly rate of $675 is lower than charged by partners with similar experience at national law firms located in Boston."), and Docket #453-4 at 4 ("Based upon my personal knowledge of Mr. Shaw's experience and reputation, and my knowledge of the marketplace, I believe that the hourly rate of $675 being sought for his services in this case is not only fair and reasonable but in fact below the prevailing market rates in this community for lawyers of his skill and experience in complex civil litigation in Boston."), with Affidavit of Ellen J. Messing in Support of Riley's Initial Motion for Attorney's Fees at 4, Riley v. Mass. Dep't of State Police, No. 15-14137 (D. Mass. July 1, 2019), ECF No. 272 (citing multiple affidavits from attorneys at local firms, as well as billing rate statistics from a Massachusetts Lawyers Weekly survey).

[2] Press Release, Verrill Dana, Verrill Dana Elects Six New Partners (Jan. 23, 2018), https://www.verrill-law.com/news/verrill-dana-elects-six-new-partners/.   Both Ms. Alvarez and Ms. Neff appear to have been working from Verrill Dana's Portland, Maine branch.

[3] Defendant also complains that attorney rates are inconsistent throughout the billing records.   However, plaintiff has demonstrated that these perceived inconsistencies are due to the firm's adjustment of its billing rates from year to year.

2.    Paralegals

Mr. Shaw's affidavits provide no information about the skills and experience of

paralegals Nicole Hoglund, Keri Kavanaugh, Fred Kerrigan, or Maryann McGinn.   See

Norkunas v. Brossi Bros. Ltd. P'ship, No. 10-cv-11949, 2012 U.S. Dist. LEXIS 30474, at

*26 (D. Mass. Mar. 7, 2012) ("Lacking information regarding the paralegal's experience

and qualifications, plaintiff fails to provide sufficient information to evaluate the hourly

rate.   Accordingly, the requested paralegal fee . . . is not included in the fee award.").

The fees claimed for these four paralegals in this case, a total of $5,594.50, is denied.

Paralegal Sharon Belisle has over thirty years of experience in that occupation.

Recently, courts have found that an appropriate hourly rate for an experienced

paralegal in Boston is between $125–165.   Ms. Belisle's rate increased from $170 to

$285 during this litigation.   Her work will be compensated at $140 per hour.   See 265

Franklin St. Assocs., LLC v. New Pete's, LLC, No. 17-cv-12588, 2020 U.S. Dist. LEXIS

2786, at *5 (D. Mass. Jan. 8, 2020) (halving requested paralegal rate to $165); Riley v.

Mass. Dep't of State Police, No. 15-cv-14137, 2019 U.S. Dist. LEXIS 174182, at *5–6

(D. Mass. Oct. 8, 2019) (reducing requested paralegal rate of $175 to $125).   With Ms.

Belisle's adjusted rate, the requested award for her work is reduced by $53,891.50.

3.    Summary

The adjusted hourly rates of counsel and paralegals amounts to a reduction of

$171,433.00 from plaintiff's request.

**B.    Hours Reasonably Expended**

The next question is the reasonableness of the time plaintiff's legal team spent

on the case.   The court has conducted a line-by-line review of the billing records and will adjust the requested time entries as follows.

### 1.   Unsuccessful Claims

Defendant asks for a reduced fee award based on unsuccessful claims that did not go to trial or were purportedly unrelated to plaintiff's case.   "[F]ees are appropriately excluded from the lodestar only 'when different claims for relief are not interconnected, that is, when the claims rest on different facts and legal theories.'"   Bogan v. City of Bos., 489 F.3d 417, 428–29 (1st Cir. 2007) (quoting Figueroa-Torres v. Toledo-Davila, 232 F.3d 270, 278 (1st Cir. 2000)).   Here, plaintiff's claims arose out of a common nucleus of facts related to her successful claim, wherefore this request is denied.

### 2.   Defendant's Counterclaim

Defendant also seeks to deduct time that plaintiff's counsel spent defending its counterclaim, on the ground that it was ultimately dismissed by stipulation of the parties and plaintiff agreed that each party would bear their own costs and fees.   As plaintiff notes, however, defendant never filed a notice of stipulation as agreed.   The defendant's request is denied.

### 3.   Block Billing

"Courts disfavor the use of block billing 'because it requires decipher[ing] on the judges' part.'"   Hermida v. Archstone, 950 F. Supp. 2d 298, 312 (D. Mass. 2013) (quoting Equal Emp't Opportunity Comm'n v. AutoZone, Inc., 934 F. Supp. 2d 342, 355 (D. Mass. 2013)); see Torres-Rivera, 524 F.3d at 340 (upholding fifteen percent fee reduction for block billing where time entries did not describe tasks performed).   "Here,

the Court finds that no reduction in attorney's fees is necessary because the vast
majority of counsel's . . . time entries are for less than two hours, allowing the Court to
easily evaluate the reasonableness of the hours billed."   QLS Logistic Servs., LLC v.
JAWS Assocs., LLC, No. 17-cv-11891, 2018 U.S. Dist. LEXIS 189405, at *20 n.4 (D.
Mass. Nov. 6, 2018).

### 4.   Travel Time

"If [an] attorney is merely traveling and not working on the case, . . . courts in this
circuit normally reduce the rate charged by fifty percent."   Conservation Law Found.,
Inc. v. Patrick, 767 F. Supp. 2d 244, 255 (D. Mass. 2011); see Sinclair v. Berryhill, 284
F. Supp. 3d 111, 117 (D. Mass. 2018) (reducing travel time by half); Horney v. Westfield
Gage Co., 227 F. Supp. 2d 209, 216 (D. Mass. 2002) (reducing hourly rate for travel
time by half).[4]   A like reduction of plaintiff's legal team's travel time billing by half is
appropriate.   It results in a deduction of $17,082.50 from the claimed fee.

### 5.   Clerical Work

"[C]lerical or secretarial tasks ought not to be billed at lawyers' rates, even if a
lawyer performs them."   Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992).   "Tasks
considered to be of an administrative or clerical nature include: 'document preparation,
organization, distribution, and copying; drafting emails and other correspondence; data
collection; legal cite-checking; scheduling and logistical planning; filing court documents;
factual research; and docket review and management.'"   Hermida, 950 F. Supp. 2d at

---

[4] In some instances, travel time was block billed with legal tasks.   The court did not attempt to parse
these entries but instead reduced them by half.

311 (quoting AutoZone, Inc., 934 F. Supp. 2d at 353–54).   The court has identified $2,580 in fees related to clerical work and will reduce the fee award accordingly.

      6.    Unrelated Entries

Defendant asks the court to exclude 1.7 hours of Ms. Neff's time for work unrelated to plaintiff's claims against it.   Since plaintiff does not dispute defendant's characterization of this time, the claim is reduced by $612.

      7.    Summary Judgment

Defendant asserts that plaintiff spent an excessive amount of time opposing its summary judgment motion.   Plaintiff did prevail in her opposition to the motion, but the time spent—nearly 100 hours—was excessive.   See Gross, 880 F.3d at 25 (affirming district court's determination that over 100 hours spent on summary judgment was excessive).   The amount requested for work on the summary judgment motion is reduced by twenty-five percent, resulting in a deduction from the amount claimed of $7,689.13.

      8.    Fee Petition

Plaintiff seeks compensation for 51.4 hours of attorney and paralegal time spent on her first fee petition.   "[C]ertain components of fee awards (such as work performed in preparing and litigating fee petitions) may be calculated at discounted rates due to the comparative simplicity of the task."   Matalon, 806 F.3d at 639; see Sanderson-Macleod, Inc. v. Hobbs Med., Inc., No. 19-cv-30013, 2020 U.S. Dist. LEXIS 79176, at *18 (D. Mass. May 6, 2020) (recommending fifty percent reduction for time spent on fee petition), report and recommendation adopted at 2020 U.S. Dist. LEXIS 251415 (D.

Mass. May 29, 2020).   The amount requested for work on the fee petition is reduced by half, resulting in a deduction of $10,000 from the requested fee award.

### 9.   Overstaffing

The reductions described above render unnecessary separate consideration of alleged overstaffing.   See Gay Officers Action League, 247 F.3d at 297 ("Given the complexity of modern litigation, the deployment of multiple attorneys is sometimes an eminently reasonable tactic. Consequently, the mere fact that more than one lawyer toils on the same general task does not necessarily constitute excessive staffing.")

### 10.   Total Award

The deductions above result in a total award of $559,415.87 for plaintiff's first fee petition.

## III.   First Supplemental Petition for Attorneys' Fees

In her first supplemental fee petition, plaintiff requests an additional $67,458.50 in attorneys' fees for work on her first fee petition, her first supplemental fee petition, and her opposition to defendant's post-trial motions.

### A.   Reasonable Rates

Plaintiff failed to provide any information about the background and experience of two associates: Elizabeth Johnston and Brian Marshall.   Their time, totaling $13,581.00, will be deducted.   The claim for work by Mr. Shaw and Ms. Belisle, computed at their adjusted rates, results in an additional deduction of $10,969.50.

9

**B.    Hours Reasonably Expended**

      1.    <u>Withdrawn Motion for Extension of Time</u>

The court agrees that time spent on plaintiff's withdrawn motion for extension of time to file a reply in support of her first fee petition should not be charged to defendant and will reduce the request by $632.00.

      2.    <u>Fee Petitions</u>

For the reasons discussed above, the reduced rate of the partners and paralegal who worked on the fee petitions results in a reduction of the claim by $10,355.

      3.    <u>Block Billing</u>

A line-by-line review of the billing submitted in connection with the first supplemental fee request suggests no reason to discount or reduce the award because of the firm's block billing.

      4.    <u>Clerical Tasks</u>

Ms. Belisle spent 1.9 hours on the clerical task of arranging to archive a document review database; Mr. Shaw expended 1.7 hours "finishing time sheets."   The award will be reduced by a total of $1,116.

      5.    <u>Settlement Negotiations</u>

Defendant disputes the amount of time billed for settlement discussions that took place after the jury returned its verdict.   Where plaintiff had the result she wanted and, as she notes, defendant's offer would have required her to resign despite her long efforts to keep her job, the time spent reviewing the offer, 17.8 hours, was excessive. Mr. Shaw and Ms. Alvarez billed the majority of this time (16.3 hours), which will be cut

in half, resulting in a deduction of $3,367.

   6. <u>Unrelated Tasks</u>

Plaintiff includes time billed in connection with general employment advice, totaling $912, which is unrelated to this litigation and thus excluded.

**C. Total Award**

With the deductions discussed above, the fee award for plaintiff's first supplemental motion is $26,526.00.

**IV. Second Supplemental Petition for Attorneys' Fees**

In her second supplemental fee petition, plaintiff requests an additional $9,427 in fees for time spent on her first and second supplemental fee petitions, and opposing defendant's motion to stay pending appeal.

**A. Reasonable Rates**

Plaintiff has failed to provide support for the skills and experience of attorney Anuj Khetarpal to justify his billing rate, therefore his time, $586.50, will be deducted. Mr. Shaw's adjusted rate results in an additional deduction of $1,682.50.

**B. Hours Reasonably Expended**

   1. <u>Fee Petitions</u>

The rates for the two partners who worked on plaintiff's first and second supplemental fee petitions will be reduced by half, resulting in a deduction of $1,990.

   2. <u>Clerical Tasks</u>

Mr. Shaw billed 1.8 hours to review and edit plaintiff's billing records, combined with other tasks.   Because the time entry is block billed, the time is reduced by half,

11

resulting in an award of $450.

        3.    <u>Vague Entries</u>

Defendant argues that two entries by Ms. Alvarez, referencing work in connection with a "rule 62.1 motion," are vague.   Based on the timing, however, it is clear that these entries refer to work in connection with defendant's motion to stay under Federal Rule of Civil Procedure 62.   (Docket # 487).   No time will be deducted.

**C.    Total Award**

The total award for plaintiff's second supplemental fee petition is $4,718.

**V.    Costs**

Plaintiff's first petition and first supplemental petition for fees included requests for costs, as allowed under § 3730(h)(2).

**A.    First Petition**

Defendant disputes plaintiff's requested costs on several grounds.

        1.    <u>Expert Witness Fees</u>

Plaintiff seeks $53,766.56 in fees for her expert witness.   Under the FCA, a successful plaintiff is entitled to "compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees." 31 U.S.C. § 3730(h)(2).   The FCA's provision allowing for relief from retaliatory actions differs from other whistleblower retaliation statutes, however, which specifically identify expert witness fees as a separate, compensable expense distinct from "litigation costs." <u>See</u> 18 U.S.C. § 1514A(c)(2)(C) (providing for "compensation for any special damages sustained as a result of the discrimination, including litigation costs, *expert witness fees*,

and reasonable attorney fees" (emphasis added)); 15 U.S.C. § 78u-6(h)(1)(C)

("compensation for litigation costs, *expert witness fees*, and reasonable attorneys' fees"

(emphasis added)).

The FCA is silent on expert fees which are therefore not compensable.   See

Neal v. Honeywell Inc., 191 F.3d 827, 834 (7th Cir. 1999) (reducing FCA retaliation

award after noting that "litigation costs" do not include expert fees); Kakeh v. United

Planning Org., 657 F. Supp. 2d 15, 18 (D.D.C. 2009) (denying request for expert fees in

FCA retaliation case); see also Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548

U.S. 291, 297 (2006) (stating in the context of a different fee provision that "'costs' is a

term of art that generally does not include expert fees" (citation omitted)); Gortat v.

Capala Bros., 795 F.3d 292, 296 (2d Cir. 2015) (not allowing recovery for expert witness

fees where § 1920 did not allow them).   Plaintiff's award will exclude her expert witness

fees.

2.   Travel Fees

Defendant states that travel fees are not compensable as costs.   "[T]ravel

expenses for attorneys and many other out-of-pocket expenses that [plaintiff's] motion

refers to as 'costs' are more properly characterized as part of an attorney's fees award,

which may include expenses that a law firm normally would bill to its client."   Williams v.

ConAgra Poultry Co., 113 F. App'x 725, 728 (8th Cir. 2004); see Thompson v. Quorum

Health Res., LLC, No. 06-cv-00168, 2010 U.S. Dist. LEXIS 50520, at *17 (W.D. Ky. May

20, 2010) (allowing reimbursement for travel as fees, not costs).   Plaintiff is entitled to

recover $9,746.30 the legal team spent on airfare, meals, and other related items as

13

part of her award for attorneys' fees, rather than costs.

### 3.   Outside Legal Services

Plaintiff has agreed to waive this cost in light of defendant's objection.   (Docket # 479 at 17).   Accordingly, $1,680 will be deducted from the award.

### 4.   Total Award

Reducing plaintiff's request as noted above, plaintiff is entitled to $4,854.94 in costs and an additional $9,746.30 in fees in connection with her first fee petition.

### B.   First Supplemental Petition

Plaintiff seeks an additional $3,315.53 in costs for work performed after her first petition was filed.   The claim is reasonable and thus allowed.

### C.   Total Award

Plaintiff is awarded $8,170.47 in combined costs and an additional $9,746.30 in attorneys' fees.

## VI.   Conclusion

Plaintiff's motions for fees and costs (Docket ## 453, 481, 497) are ALLOWED in part and DENIED in part.   Plaintiff is awarded $600,406.17 in attorneys' fees and $8,170.47 in costs, for a total award of $608,576.64.


July 19, 2021
_____
DATE

_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE